IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| SCOTT LYONS<br>380 Butler Street FL 3<br>Brooklyn, NY 11217<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF WISCONSIN –<br>MILWAUKEE<br>2200 E. Kenwood Boulevard<br>P.O. Box 413<br>Milwaukee, WI 53201<br><br>BOARD OF REGENTS OF THE UNIVERSITY<br>OF WISCONSIN SYSTEM<br>1860 Van Hise Hall<br>1220 Linden Drive<br>Madison, WI 53706<br><br>AND<br><br>STATE OF WISCONSIN DEPARTMENT<br>OF EMPLOYEE TRUST FUNDS<br>801 West Badger Road<br>P.O. Box 7931<br>Madison, WI 53707<br><br>Defendants. | Complaint<br><br>Case No. |

## COMPLAINT FOR DAMAGES

1. This is an individual action brought by the plaintiff Scott Lyons seeking equitable damages and attorney's fees sustained as a result of the defendants' failure to send a timely notice of benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and its amendment, the Consolidated Omnibus Reconciliation Act ("COBRA").

A.   **Parties**

2.   Plaintiff, Scott Lyons, resides at 380 Butler Street FL 3, Brooklyn, NY 11217.

3.   Defendant, University of Wisconsin – Milwaukee ("UWM"), is the Milwaukee-based university of the University of Wisconsin System, whose main offices are located at 2200 E. Kenwood Blvd, P.O. Box 413, Milwaukee, WI 53201.

4.   Defendant, Board of Regents of the University of Wisconsin System ("Regents") are the governing body of the University of Wisconsin system, including UWM and its graduate schools, as established by Chapter 36 of the Wisconsin Statutes and is located at 1860 Van Hise Hall, 1220 Linden Drive, Madison, WI 53706.

5.   Defendant, State of Wisconsin Department of Employee Trust Funds ("ETF"), upon information and belief, is the administrator of the group health insurance plan – the WPS Standard Plan – offered by UWM at all times relevant herein (the "Plan") and is located at 801 West Badger Road, P.O. Box 7931, Madison, WI 53707.

B.   **Jurisdiction and Venue**

6.   This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claims arise under the laws of the United States.

7.   Venue in the Eastern District of Wisconsin is appropriate by virtue of the defendants doing business in this district and all relevant events took place in the district.

C.   **Factual Allegations Relevant to All Claims**

8.   Plaintiff, Scott Lyons, was a graduate student in the UWM dance program starting in approximately September 2010. Mr. Lyons completed his graduate program in December 2012 and received his Master's Degree in Fine Arts and Dance.

9. While at UWM, Mr. Lyons was awarded an Advanced Opportunity Program Fellowship ("AOP Fellowship") for the 2010/2011 and 2011/2012 school years. As part of the benefit package associated with the AOP Fellowship, Mr. Lyon's was provided a fellowship stipend as well as group health insurance benefits through WPS Standard Plan (the "Plan").

10. Mr. Lyons was to receive the fellowship stipend and full health insurance benefits during the duration of the AOP Fellowship.

11. The AOP Fellowship was originally scheduled to terminate after the four semesters but was ultimately extended through the fall 2012 semester.

12. Early in the fall 2012 semester, Mr. Lyons received both written and verbal assurances from various UWM staff members and faculty advisors that his fellowship stipend and health insurance benefits would continue through the end of the fall 2012 semester.

13. In particular, the representations referenced in the preceding paragraph were provided to Mr. Lyons through, amongst others, Donte McFadden, Associate Director for the UWM Graduate Diversity and Opportunity Programs; Desere Liddell, Office Manager, UWM Graduate Opportunity Programs; and Ron Lynch, Financial Services Director, UWM Graduate School Administrative and Financial Services.

14. Mr. Lyons reasonably relied upon the verbal and written assurances by UWM and its representatives regarding the continuation of his fellowship stipend and health insurance benefits through the end of the fall 2012 semester.

15. Mr. Lyons had scheduled several medical procedures during the fall 2012 semester and was told by the recommending physician that procedures had been "pre-approved" by the UWM medical insurance administrator.

3

16. Based upon the verbal and written assurances provided by UWM and its representatives, and based upon the "pre-approval" provided by the UWM medical insurance administrator, Mr. Lyons incurred approximately $10,000 in medical expenses during the fall 2012 semester.

17. Mr. Lyons was then informed after he incurred these medical expenses that his fellowship stipend and health insurance benefits had been previously terminated.

18. Despite the verbal and written assurances to the contrary, the first notice Mr. Lyons received about an issue with his health insurance benefits was when, after already having received treatment, Mr. Lyons was informed by a medical provider that his health insurance benefits had been terminated retroactively to August 31, 2012.

19. UWM's termination and retroactive application of Mr. Lyons fellowship stipend and health insurance benefits was improper and committed in bad faith.

20. The termination and retroactive application of Mr. Lyons fellowship stipend and health insurance benefits caused Mr. Lyons severe mental and emotional distress that directly impacted his ability to work and complete his classes. To that end, he was unable to work for a period of time and has been unable to complete, in detriment to his health, certain medical procedures that were started during the fall 2012 and scheduled to be completed shortly thereafter.

21. Mr. Lyons would not have incurred the approximately $10,000 in medical expenses he did during the fall 2012 semester had he been aware that UWM had or was going to terminate his Lyons fellowship stipend and health insurance benefits.

4

## Count I
## Violation of ERISA, 29 U.S.C. § 1166
## Enforceable Pursuant to ERISA, 29 U.S.C. § 1132

22. The plaintiff and reincorporates paragraphs 1-21 as if set forth herein.

23. Mr. Lyons was an employee of UWM and UWM terminated Mr. Lyons' employment on August 19, 2012.

24. Mr. Lyons' termination by UWM was a "qualifying event" under 29 U.S.C. § 1163.

25. Under COBRA, after a "qualifying event" an employer must provide notice to an employee of his right to elect continued coverage for up to 18 months.

26. Specifically, UWM was obligated, pursuant to 29 U.S.C. § 1166, to notify the administrator of the Plan within 30 days of the "qualifying event" and UWM failed to provide said notification.

27. EFT, as the administrator for the Plan, was obligated, pursuant to 29 U.S.C. § 1166, to notify Mr. Lyons within 14 days of its notification from UWM of the "qualifying event" and regarding his COBRA rights and benefits (the "COBRA Notice").

28. Based upon a termination date of August 19, 2012, UWM and EFT had a duty to provide the COBRA Notice to Mr. Lyons by October 3, 2012.

29. UWM and EFT failed to send Mr. Lyons a COBRA Notice as required and breached their duties to provide Mr. Lyons with a timely COBRA Notice.

30. Mr. Lyons was not provided a COBRA Notice until February 27, 2013.

31. UWM and EFT's failure to provide a timely COBRA Notice was in bad faith, was the result of gross negligence or ill intent, and caused prejudice to Mr. Lyon as evidenced by UWM and EFT's actions. These actions included but were not limited:

5

a. various UWM staff members and faculty advisors repeatedly informing Mr. Lyons that he was to receive his stipend and health insurance benefits even after these benefits had been cancelled;

b. various UWM staff members and faculty advisors encouraging Mr. Lyons to seek certain medical treatments even though his stipend and health insurance benefits had been cancelled;

c. retroactively terminating Mr. Lyons health insurance benefits to withdraw coverage for ≈ $10,000.00 of medical bills he was affirmatively told he was eligible to incur;

d. UWM and EFT became aware on November 7, 2012 that Mr. Lyons had never received a COBRA Notice yet waiting an additional 3 ½ months – until February 27, 2013, to actually provide Mr. Lyons with his COBRA Notice.

32. Mr. Lyons has been damaged by UWM and EFT as a result of the breaches as described herein.

33. The Regents are, upon information and belief, the party responsible for ensuring that UWM and EFT comply with their COBRA and ERISA reporting and notification requirements.

34. The Regents failed to properly oversee, direct and/or manage UWM and EFT to ensure compliance with COBRA and ERISA reporting and notification requirements and these failures resulted in damage to Mr. Lyons.

35. Pursuant to 29 U.S.C. § 1132, UWM, EFT and the Regents are liable to Mr. Lyons for equitable damages and administrative damages as a result of the breaches as described herein.

6

**WHEREFORE**, Mr. Lyons prays that the Court:

A. Grant any and all monetary relief available to Mr. Lyons, including, but not limited to, equitable damages and administrative penalties, as permitted by ERISA.

B. Grant any and all equitable relief available to Mr. Lyons as permitted by ERISA.

C. Enter an order awarding Mr. Lyons all reasonable attorney fees and costs incurred as a result of these violations of ERISA.

D. Enter an award for punitive damages based upon the reckless, wanton and intentional disregard for Mr. Lyons and his health and well-being.

E. Enter an order for such other relief as may be just and appropriate.

**A JURY OF TWELVE MEMBERS IS HEREBY DEMANDED BY THE PLAINTIFF**

Respectfully Submitted,

s/ John T. Domaszek
John T. Domaszek
State Bar No.: 1045877
Attorneys for Plaintiff

**Contact Information**:
Sorrentino Burkert Law Group LLC
W229 N1433 Westwood Drive, Suite 100
Waukesha, WI 53186
Phone: (262) 513-3315
Fax:    (262) 513-3318
Email: jdomaszek@sorrentinoburkert.com