UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT LYONS,

                Plaintiff,

      v.                                          Case No. 14-CV-460

BOARD OF REGENTS OF THE
    UNIVERSITY OF WISCONSIN SYSTEM, and
STATE OF WISCONSIN DEPARTMENT OF
    EMPLOYEE TRUST FUNDS,

               Defendant.

## OPINION AND ORDER

### I.    Facts and Procedural History

During the 2010-2011 and 2011-2012 academic years, plaintiff Scott Lyons was a graduate student in the dance program at the University of Wisconsin – Milwaukee. (ECF No. 17, ¶ 7.) He was awarded an "Advanced Opportunity Program Fellowship" which afforded him a stipend as well as group health insurance benefits. (ECF No. 17, ¶ 8.) Although Lyons initially expected the fellowship to end after four semesters, he contends that he was subsequently assured, both orally and in writing, that his stipend and health benefits would continue through the fall 2012 semester. (ECF No. 17, ¶¶ 10-

11.) During the fall semester, Lyons underwent various medical procedures that he believed were pre-approved. (ECF No. 17, ¶¶ 14-15.) He later learned that his stipend and health insurance benefits had been terminated, leaving him responsible for roughly $10,000 in medical expenses. (ECF No. 17, ¶¶ 16-20.)

On April 22, 2014, Lyons filed suit against the University of Wisconsin – Milwaukee, the Board of Regents of the University of Wisconsin System, and the State of Wisconsin Department of Employee Trust Funds. (ECF No. 1.) The defendants filed a motion to dismiss the complaint. (ECF No. 8.) The matter was subsequently reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF Nos. 11, 12, 13.) In response to the defendants' motion, Lyons filed an amended complaint (ECF No. 17) that dismissed the University as a defendant.

The court held a conference with all parties and concluded that, in light of Lyons' amended complaint, the pending motion to dismiss was moot. (ECF No. 20.) The defendants subsequently answered the complaint (ECF No. 21) and then moved for judgment on the pleadings (ECF No. 19). The briefing on the defendants' motion for judgment on the pleadings is now complete and the matter is ready for resolution. Venue is proper in this district under 18 U.S.C. § 1391(b)(2). The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Motion for Judgment on the Pleadings Standard

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed…a party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to rule 12(c) is subject to the same standard as a Rule 12(b) motion to dismiss. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). The court may grant the motion only if "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Wood*, 925 F.2d at 1581 (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). However, when the movant uses Rule 12(c) to attempt to dispose of the case on the basis of the underlying substantive merits as opposed to some procedural defect, courts apply the same standards commonly applied on a motion for summary judgment (except that the court may consider only the contents of the pleadings), and the moving party must establish that there are no material issues of fact to be resolved and that it is entitled to judgment as a matter of law. *Alexander v. City of Chicago*, 994 F.2d 333, 335-36 (7th Cir. 1993) (citing 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1369 at 535 (1990)).

**III. Analysis**

Lyons contends that when the defendants terminated his employment on August 19, 2012, they violated the Public Health Services Act (PHSA) as amended by the Consolidated Omnibus Reconciliation Act (COBRA) by failing to provide him notice of his right to continue coverage for up to 18 months. (ECF No. 17, ¶¶ 22-28.) For this alleged violation of federal law, Lyons seeks "equitable damages and restitution" as well as punitive damages. (ECF No. 17, ¶¶ A, B.)

The defendants argue that the relief Lyons seeks is not available to him because relief under the PSHA is limited to "appropriate equitable relief." 42 U.S.C. § 300bb-7. They further argue that they are immune from suit under the Eleventh Amendment. The defendants also initially argued that Lyons' suit fails because he was not a "covered employee" under the PHSA. When in response to this aspect of the defendants' motion Lyons submitted documents outside the pleadings, the defendants withdrew their "covered employee" argument rather than have their motion converted to one for summary judgment, as the court would have been required to do under Fed. R. Civ. P. 12(d).

Lyons asks that the defendants pay him the $10,000 that he would have been reimbursed had his insurance not been cancelled; at a minimum, he says, he would not have undergone the medical procedures had he received notice that his insurance had been cancelled. (ECF No. 28 at 3.) A plaintiff's remedy under the PHSA is limited to

4

"appropriate equitable relief." 42 U.S.C. §300bb-7. Lyons contends that compensation for his losses constitutes "equitable damages and restitution." (ECF No. 28 at 3.) The defendants contend that, regardless of how Lyons attempts to characterize the compensation he seeks, his claim is not one for equitable relief. (ECF No. 23 at 5-11.)

Lyons does not explain what he means by "equitable damages," a term that has been used by other litigants when attempting to make a claim for damages fit into an action for which only equitable relief is authorized. *See, e.g., Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 587 n.2 (7th Cir. 2011) ("The kind of relief sought in the plaintiffs' claim for 'equitable damages'—recovery for pecuniary loss as a result of the Company's inaction despite its obligation to timely provide COBRA notices—appears legal rather than equitable in nature and is therefore generally not available under [ERISA].") Instead, Lyons addresses at any length only his effort to characterize his claim as one for restitution, which courts have recognized is available in actions both in equity and in law. *Reich v. Continental Casualty Co.*, 33 F.3d 754, 755-56 (7th Cir. 1994).

Relief under COBRA is limited to "those categories of relief that were *typically* available in equity, such as injunctive remedies and equitable restitution." *Great-West Life & Ann. Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)) (emphasis in original). Equitable relief typically does not include money damages. *See, e.g., Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1491 (7th Cir. 1996) (monetary damages do not constitute "equitable relief" under

5

ERISA). Restitution may be either equitable or legal in nature "depend[ing] on the basis for the plaintiff's claim and the nature of the underlying remedies sought." *Knudson*, 534 U.S. at 213 (citing *Reich*, 33 F.3d at 756). A plaintiff can seek restitution in equity "ordinarily in the form of a constructive trust or equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213-14. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.*

Here, Lyons does not seek the return of any particular funds that the defendants received from him. In fact, there is no allegation that he ever paid anything to the defendants. *Cf. Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 482 (7th Cir. 2010) (noting the absence of any allegation that the defendant health plan was holding any property that belonged to the plaintiff as a factor in concluding that the relief sought by plaintiff for the plan's denial of coverage was legal rather than equitable in nature). Rather, Lyons seeks compensation from the defendants for medical bills he incurred for services provided by third parties. A claim of this sort is one at law. *See, e.g.*, *Kenseth*, 610 F.3d at 483 (noting that plaintiff's claim under 28 U.S.C. § 1132(a)(3) seeking monetary compensation for denial of coverage was legal in nature); *Calhoon v. TWA*, 400 F.3d 593, 596 (8th Cir. 2005) (holding that a claim for compensation for medical bills plaintiffs

6

incurred after defendant's actions led to plaintiffs' COBRA coverage being cancelled was legal in nature "because it seeks to impose personal liability on the defendant, is measured by the plaintiffs' loss, and does not involve traceable funds that belong to the plaintiff and are being unlawfully held by the defendant"); *Carstetter v. Adams County Transit Auth.*, 2008 U.S. Dist. LEXIS 51874 (M.D. Pa. July 8, 2008) (holding that plaintiff's claim for unpaid medical benefits was not one for equitable restitution but rather was legal in nature); *Halbach v. Great-West Life & Annuity Ins. Co.*, 2006 U.S. Dist. LEXIS 36816, 25-26 (E.D. Mo. June 6, 2006) (holding that a claim for reimbursement of out-of-pocket medical costs incurred as a result of allegedly unlawful cancellation of insurance was legal in nature).

Lyons relies in large part upon a case from the Northern District of Illinois in which the court concluded that equitable relief under the PHSA could include restitution for the "amount of medical expenses that were not reimbursed because of a plan's failure to notify a beneficiary of continuation coverage rights under COBRA." *Mansfield v. Chicago Park Dist. Group Plan*, 946 F. Supp. 586, 592 (N.D. Ill. 1996) (citing *Hamilton v. Mecca, Inc.*, 930 F. Supp. 1540, 1553-54 (S.D. Ga. 1996)). However, *Mansfield* was decided before *Great-West Life & Annuity Ins. Co. v. Knudson*, in which the Supreme Court clarified the distinction between restitution at law and restitution in equity. 534 U.S. at 212-17.

Finally, Lyons' complaint contains the usual requests for "any and all relief" and "such other relief as may be just and appropriate," as well as a request for punitive damages. (ECF No. 17 at 6.) But in response to the defendants' motion Lyons makes no attempt to argue that this action should proceed so that he may obtain any form of relief other than "equitable damages and restitution." Consequently, the court having found that Lyons' claim for monetary compensation for the medical bills he incurred is a claim at law and thus not cognizable under 42 U.S.C. § 300bb-7, the court concludes that it must grant the defendants' motion for judgment on the pleadings. As such, it is not necessary to resolve the defendants' argument that they are immune from suit under the Eleventh Amendment.

**IT IS THEREFORE ORDERED** that the defendants' motion for judgment on the pleadings (ECF No. 22) is **granted**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of January, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge